UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD, JR., individually,<br><br>   Plaintiff,<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the Georgia State Election Board, DAVID J. WORLEY, in his official capacity as a Member of the Georgia State Election Board, MATTHEW MASHBURN, in his official capacity as a Member of the Georgia State Election Board, and ANH LE, in her official capacity as a Member of the Georgia State Election Board,<br><br>   Defendants. | CIVIL ACTION FILE NO. |

**PLAINTIFF'S EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND INSPECTION OF ELECTRONIC ELECTION/VOTING EQUIPMENT AND FOR PRODUCTION OF ORIGINAL BALLOTS AND OTHER DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedures, including, without limitation Rule 34, and Local Rule 7.1, 7.2 (B), the Plaintiff hereby moves on an emergency basis for the preservation of evidence material to this case and for leave

to inspect electronic/voting equipment and for the production of original ballots and other documents, as follows:

1.   The Court is familiar with the facts of this case based on the Verified Amended Complaint for Declaratory and Injunctive Relief [DE 5] and Plaintiff's Emergency Motion for Injunctive Relief and Memorandum of Law in support thereof [DE 6], both of which are incorporated by reference.

2.   First, Plaintiff's request that all original absentee ballots for the January 5, 2021 Senatorial Runoff election be preserved, including the original envelope containing the voters' signature and the postmark, along with any images including images recorded or generated by the Ballot Marking Devices (B.M.D.). Plaintiff seeks not only preservation of this evidence, but requests leave to be permitted to have an expert forensic reviewer inspect same, including without limitation, inspecting the handwriting of the voters' signature against signatures on file or registered with the Defendants. This is necessary to assess whether there was compliance with the requirements for counting absentee ballots and to determine whether the ballots that were counted were legal.

3.   Second, the Plaintiff requests preservation of the in-person voters' original paper ballots for the Senatorial Runoff election as well as the scanned or computer images of said ballots, including without limitation, all images recorded

or generated by the Ballot Marking Devices (B.M.D.). Moreover, the Plaintiff seeks leave to inspect these computer and paper ballots, including without limitation, an inspection of the audit trail. This is necessary to ensure that all in person legal votes were appropriately counted.

4. Third, the Plaintiff seeks preservation of the electronic election/voting equipment and related documentation, including audit reports and/or documentation related to any audits conducted by Pro V&V in the following counties within the State of Georgia:

    a) Morgan County;

    b) Spalding County;

    c) Fulton County;

    d) Cobb County;

    e) Clayton County;

    f) Dekalb County;

    g) Gwinnett County;

    h) Chatham County;

    i) Henry County;

    j) Coffee County;

    k) Stephens County; and

l)  Ware County.

5. Plaintiff requests for election/voting equipment also includes, without limitation, the Dominion Voting Systems equipment, machines, software, hardware, including any and all updates to the hardware and/or software. Plaintiff seeks leave to conduct a forensic inspection of this equipment, based, in part, on conflicting public statements regarding the 2020 Presidential Election by the Supervisor of Spalding County Board of Elections and the Director of Morgan County Board of Elections and Registration, on the one hand, and statements by the Georgia Secretary of State and the Dominion Voting Systems Corporation, on the other, about whether there were or were not last minute updates made to the equipment, which is highly irregular, and whether the software contained glitches or produced errors. These contradictions and admissions necessitate an inspection of this equipment relative to the runoff election to determine and assess the reliability of the performance of this equipment in the specific counties referenced above. The Court should include measures to ensure there is proper authentication and chain of custody evidence sufficient to ensure Plaintiff is afforded access to the actual equipment that was used in those counties.

6. There is good cause for an expert forensic examination of the electronic voting equipment and the related election records, including the internal memory of

electronic voting equipment as well as paper records that could provide evidence of voting irregularities, and the causes thereof, in the Senatorial Runoff election is necessary and appropriate in this case.

7. Additionally, Plaintiff requests, under appropriate Confidentiality Order, as necessary, the names and addresses of all eligible voters in the runoff election.

8. The Plaintiff's need for preservation and access to the above evidence outweighs any countervailing interest because the reliability of the United States Presidential election and citizen confidence in the correctness of the result is at stake. *See, e.g., Martin v. Fulton Cty., Bd. Of Registration & Elections, 835 S.E. 2d 245 (Ga. 2019); Atlanta Journal-Constitution v. Jewell, 555 S.E. 2d, 175 (Ga. 2001).*

9. The State of Georgia and Dominion Voting Systems have a duty under State law to maintain and preserve the above equipment and records. *See O.C.G.A. Section 21-2-379.26; O.C.G.A. Section 21-2-437(d); Rule 183-1-12-.05, Rules of State Election Board; see also Cooper Tire & Rubber Co. v. Koch, 812 S.E. 2d 256 (Ga. 2018).*

10. Absent agreement between the interested parties, the Court should establish procedures for conducting a public, reliable, audit-controlled verification of the voting results.

**WHEREFORE**, for the foregoing reasons, the Plaintiff moves on an emergency basis for an entry of an Order requiring the preservation of the above described evidence and allowing the inspection of the evidence as described above.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Northern District of Georgia, Atlanta Division, via the Court's CM-ECF System.

Dated: December 18, 2020

/s/ L. Lin Wood, Jr.
**L. LIN WOOD, JR.**
L. Lin Wood, Jr., Esq.
GA Bar No. 774588
L. LIN WOOD, P.C.
P.O. BOX 52584
Atlanta, GA 30355-0584
(404) 891-1402
lwood@linwoodlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been electronically filed with this Court via CM/ECF and was furnished to all counsel on the attached service list by e-mail on December 18, 2020:

/s/ L. Lin Wood, Jr.
L. Lin Wood, Jr., Esq.
GA Bar No. 774588
L. LIN WOOD, P.C.
P.O. BOX 52584
Atlanta, GA 30355-0584
(404) 891-1402
lwood@linwoodlaw.com
*Counsel for Plaintiff*

# SERVICE LIST[1]

CHRISTOPHER M. CARR
Deputy Attorney General
BRYAN K. WEBB
Deputy Attorney General
Russell D. Willard
Senior Assistant Attorney General
Charlene S. McGowan
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
404-458-3658 (tel)
*Attorneys for State Defendants*

Adam M. Sparks
Halsey G. Knapp, Jr.
Joyce Gist Lewis
Susan P. Coppedge
Adam M. Sparks
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

---

[1] The Service List is derived from the case of *Wood v. Raffensperger, et al.*, Case No. 20-cv-04651-SDG, which involved the same Defendants herein. This Service List is used in an abundance of caution to ensure that the Defendants receive immediate actual notice of this filing through their current counsel.

Page **8** of **11**

Marc E. Elias*
Amanda R. Callais*
Alexi M. Velez*
Emily R. Brailey*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
avelez@perkinscoie.com
ebrailey@perkinscoie.com

Kevin J. Hamilton*
Amanda J. Beane*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
khamilton@perkinscoie.com
abeane@perkinscoie.com

Gillian C. Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-3900
gkuhlmann@perkinscoie.com

Matthew J. Mertens*
Georgia Bar No: 870320
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Telephone: (503) 727-2000

*Pro Hac Vice Application Pending*

*Counsel for Intervenor-Defendants, Democratic Party of Georgia ("DPG"), DSCC, and DCCC ("Political Party Committees")*

Bryan L. Sells
Law Office of Bryan L. Sells, LLC
P.O. Box 5493
Atlanta, GA 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

John Powers*
jpowers@lawyerscommittee.org
Kristen Clarke
kclarke@lawyerscommittee.org
Jon M. Greenbaum*
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg*
erosenberg@lawyerscommittee.org

Julie M. Houk*
jhouk@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8300

Susan Baker Manning^
Jeremy P. Blumenfeld^
Catherine North Hounfodji^
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001
susan.manning@morganlewis.com
jeremy.blumenfeld@morganlewis.com
catherine.hounfodji@morganlewis.com
william.childress@moreganlewis.com
chris.miller@morganlewis.com
benjamin.hand@morganlewis.com

*admitted pro hac vice*

^ *Pro hac vice admission pending*

*Counsel for Proposed Intervenors James Woodhall, Helen Butler, Melvin Ivey, Members of the Proposed Intervenors the Georgia State Conference of the NAACP, and the Georgia Coalition for the People's Agenda*