**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| L. LIN WOOD, JR., individually,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia; REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the Georgia State Election Board, DAVID J. WORLEY, in his official capacity as a Member of the Georgia State Election Board, MATTHEW MASHBURN, in his official capacity as a Member of the Georgia State Election Board, and ANH LE, in her official capacities as a Member of the Georgia State Election Board,<br><br>    Defendants. | Civil Action File No.<br>1:20-cv-05155-TCB |

**INTERVENOR-DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Proposed Intervenor-Defendants Democratic Party of Georgia ("DPG") and

DSCC (together, "Proposed Intervenors"), by and through their undersigned

counsel

of record, answer Plaintiffs' Verified Complaint for Declaratory and Injunctive

Relief (the "Complaint") as set forth below. Unless expressly admitted, each

- 1 -

allegation in the Complaint is denied, and Proposed Intervenors demand strict proof thereof.

## JURISDICTION, VENUE AND THE PARTIES

1. Denied.

2. Paragraph 2 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

3. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that basis, deny the same.

4. Denied.

5. Proposed Intervenors admit that Brad Raffensperger is the Secretary of State of Georgia with certain responsibilities described by law. Proposed Intervenors further admit that Brad Raffensperger is the Chair of the State Election Board. The remaining allegations in Paragraph 5 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

6. Proposed Intervenors admit that Rebecca N. Sullivan, David J. Worley,

Matthew Mashburn, and Anh Le are members of the State Election Board and that Brad Raffensperger is the Chair of the State Election Board. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Defendants' residences. The remaining allegations in Paragraph 6 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## INTRODUCTION

7. Paragraph 7 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

8. Paragraph 8 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

9. Proposed Intervenors admit that Plaintiff seeks the relief described in Paragraph 9, but deny that Plaintiff has established any cognizable claim entitling him to such relief. Proposed Intervenors deny any other or different allegations in Paragraph 9.

10. Denied.

11. Proposed Intervenors admit that Plaintiff challenges four procedures described in the Complaint, but deny that Plaintiff has established any valid basis for doing so. The remainder of the allegations in Paragraph 11 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

12. Proposed Intervenors admit that Plaintiff challenges the procedure for processing mail-in ballots, but deny that Plaintiff has established any valid basis for doing so. The remaining allegations in Paragraph 12 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

13. Paragraph 13 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

14. Paragraph 14 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

15. Proposed Intervenors admit that a Compromise Settlement Agreement was reached between the DPG, DSCC, and the DCCC and Brad Raffensperger, Rebecca N. Sullivan, David J. Worley, Seth Harp, and Anh Le on March 6, 2020. Proposed

Intervenors deny each other or different allegation in Paragraph 15.

16. Paragraph 16 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

17. Denied.

18. Denied.

19. Proposed Intervenors admit that there are different procedures for voters who vote absentee by mail and those who vote absentee in person. Proposed Intervenors further admit that voters who vote in person are generally required to provide a photo verification pursuant to O.C.G.A. § 21-2-417(a). Proposed Intervenors deny any other or different allegation in Paragraph 19.

20. Paragraph 20 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

21. Proposed Intervenors deny that the Settlement Agreement is unconstitutional or otherwise unlawful. The remaining allegations in Paragraph 21 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

22. Denied.

23. Proposed Intervenors admit that there are different procedures for voters who vote absentee by mail and those who vote absentee in person. Proposed Intervenors deny any other or different allegation in Paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Proposed Intervenors admit that Plaintiff challenges the procedure for opening absentee ballots to be used in the runoff election, but deny that Plaintiff has any valid basis for doing so or that the procedure is unlawful. Proposed Intervenors deny each other or different allegation in Paragraph 27.

28. Paragraph 28 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

29. Paragraph 29 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

30. Proposed Intervenors admit that Rule 183-1-14-0.7-.15(1) was adopted by the

Defendants on or about May 18, 2020, that the Defendants extended the emergency rule for use in the November 3, 2020 general election, and Defendants have provided for early processing of absentee ballots in the January 5 run-off election. Proposed Intervenors deny each other or different allegation in Paragraph 30.

31. Denied.

32. Denied.

33. Proposed Intervenors admit that Plaintiff challenges the use of absentee ballot drop boxes in the runoff election but deny that Plaintiff has established any valid basis for doing so.

34. Paragraph 34 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

35. To the extent Plaintiff refers to or incorporates content from the document listed in the footnote to Paragraph 35, that document speaks for itself. The remaining allegations in Paragraph 35 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

36. Proposed Intervenors deny all allegations in the first sentence of Paragraph

36 of the Complaint. The second sentence of Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

37. Paragraph 37 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

38. Paragraph 38 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

39. Proposed Intervenors admit that Rule 183-1-14-0.6-.14 states that "[p]lacing a voted absentee ballot into the drop box shall be deemed a delivery pursuant to O.C.G.A. § 21-2-385."

40. Denied.

41. Paragraph 41 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

42. Paragraph 42 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response

is required, Proposed Intervenors deny the same.

43. Paragraph 43 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

44. Paragraph 44 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

45. Paragraph 45 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

46. Paragraph 46 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

47. Paragraph 47 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

48. Paragraph 48 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response

is required, Proposed Intervenors deny the same.

49. Paragraph 49 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

50. Denied.

51. Denied.

52. Denied.

53. Paragraph 53 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

54. Paragraph 54 of the Complaint contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

55. Proposed Intervenors admit that the Plaintiff challenges the use of Dominion Voting Systems Corporation's voting machines but denies that the Plaintiff has established a valid basis for doing so. To the extent Paragraph 55 quotes *Curling v. Kemp*, that opinion speaks for itself. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in the final

sentence of Paragraph 55 and, on that basis, deny the same. Proposed Intervenors deny each other or different allegation in Paragraph 55.

56. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, deny the same.

57. To the extent Paragraph 57 quotes or references the report cited in Paragraph 57, the document speaks for itself. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, on that basis, deny the same.

58. To the extent Paragraph 58 quotes or references the report cited in Paragraph 58, the document speaks for itself. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and, on that basis, deny the same.

59. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, deny the same.

60. Proposed Intervenors deny that there is any physical evidence, much less incontrovertible physical evidence, that the standards of the physical security of the voting machines and the software were breached in the November 3, 2020 election,

which the Proposed Intervenors assume is the election to which the allegations in Paragraph 60 refer. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and, on that basis, deny the same.

61. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, deny the same.

62. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, deny the same.

63. To the extent the allegations in Paragraph 63 reference the report cited therein, the document speaks for itself. Proposed Intervenors deny the substance of the allegations contained in the last two sentences of Paragraph 63. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, on that basis, deny the same.

64. To the extent the allegations in Paragraph 64 reference the affidavit and press release cited therein, the documents speaks for themselves. Proposed Intervenors deny the substance of the allegations drawn from the affidavit submitted by Garland Favorito. Proposed Intervenors lack knowledge and information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 64 and, on that basis, deny the same.

65. Proposed Intervenors admit that Georgia will use the same type of machines used in the November 3, 2020 general election in the January 5, 2021 run-off election, but lack knowledge and information sufficient to form a belief as to whether all of the exact same voting machines and software that were in service in the November 3 general election will be used in the run-off election. Proposed Intervenors deny each and every other allegation in Paragraph 65.

66. To the extent Paragraph 66 references *Curling v. Raffensperger*, that opinion speaks for itself. Further, to the extent Paragraph 66 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

67. To the extent Paragraph 67 references *Curling v. Raffensperger*, that opinion speaks for itself. Further, to the extent Paragraph 67 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

68. Denied.

69. To the extent Paragraph 69 references the report cited therein, the document speaks for itself. Proposed Intervenors deny each other or different allegation in

Paragraph 69.

70. Proposed Intervenors admit that the presidential Electors nominated to vote for Joseph R. Biden, Jr. in the Electoral College won the presidential election in Georgia. Proposed Intervenors deny the remaining allegations in Paragraph 70.

71. Proposed Intervenors admit that Plaintiff seeks the relief described in Paragraph 71 but deny that Plaintiff has established any cognizable claim entitling him to such relief. Proposed Intervenors deny each other or different allegation in Paragraph 71.

## COUNT I: EQUAL PROTECTION VIOLATION

72. Proposed Intervenors incorporate the responses to the foregoing paragraphs as if set forth fully herein.

73. Paragraph 73 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

74. Paragraph 74 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

75. Denied.

76. Denied.

77. Denied.

78. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, deny the same.

79. The Proposed Intervenors deny that Plaintiff is entitled to any of the requested relief set forth in the unnumbered paragraph under Count I of the Complaint.

## COUNT II: DUE PROCESS VIOLATION

80. Proposed Intervenors incorporate the responses to the foregoing paragraphs as if set forth fully herein.

81. Proposed intervenors deny the allegations in Paragraph 80.

82. Paragraph 81 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

83. Proposed intervenors deny the allegations in Paragraph 82.

84. Proposed intervenors deny the allegations in Paragraph 83.

85. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, deny the

same.

86. The Proposed Intervenors deny that Plaintiff is entitled to any of the requested relief set forth in the unnumbered paragraph under Count II of the Complaint.

## COUNT III: VIOLATION OF THE GUARANTEE CLAUSE OF ARTICLE IV, SECTION 4 OF THE CONSTITUTION

87. Proposed Intervenors incorporate the responses to the foregoing paragraphs as if set forth fully herein.

88. Paragraph 86 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

89. Paragraph 87 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same.

90. To the extent Paragraph 88 contains legal contentions, characterizations, conclusions, and opinions, no response is required. To the extent a response is required, Proposed Intervenors deny the same and further deny each other or different allegation in Paragraph 88.

91. Proposed intervenors deny the allegations in Paragraph 89.

92. Proposed intervenors deny the allegations in Paragraph 90.

93. Proposed intervenors deny the allegations in Paragraph 91.

94. Proposed intervenors deny the allegations in Paragraph 92.

95. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, deny the same.

96. The Proposed Intervenors deny that Plaintiff is entitled to any of the requested relief set forth in the unnumbered paragraph under Count III of the Complaint.

## AFFIRMATIVE DEFENSES

Proposed Intervenors assert the following affirmative defenses without accepting any burdens regarding them:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because this Court lacks jurisdiction to adjudicate Plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert his claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the Eleventh Amendment to the U.S. Constitution.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from bringing these claims.

Proposed Intervenors reserve the right to assert any further defenses that may become evident during the pendency of this matter.

### PROPOSED INTERVENORS' REQUEST FOR RELIEF

Having answered Plaintiff's Complaint, Proposed Intervenors request that the Court:

1. Deny Plaintiff is entitled to any relief;

2. Dismiss Plaintiff's Complaint with prejudice;

3. Award Proposed Intervenors their costs and attorneys' fees incurred in defending against Plaintiff's claims in accordance with 42 U.S.C. § 1988; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: December 21, 2020.                 Respectfully submitted,

**Adam M. Sparks**
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Susan P. Coppedge
Georgia Bar No. 187251
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
One Atlantic Center
1201 W. Peachtree Street NW, Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
Henry J. Brewster*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
hbrewster@perkinscoie.com

Heath Hyatt*
Steven Beale*
PERKINS COIE LLP

1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
hhyatt@perkinscoie.com
sbeale@perkinscoie.com

Jessica R. Frenkel*
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
jfrenkel@perkinscoie.com

*Counsel for Proposed Intervenor-
Defendants*

*Pro Hac Vice Application Forthcoming*