**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| L. LIN WOOD, JR., individually, <br><br>        Plaintiff, <br><br>v. <br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the Georgia State Election Board; DAVID J. WORLEY, in his official capacity as a member of the Georgia State Election Board, MATTHEW MASHBURN, in his official capacity as a member of the Georgia State Election Board, and ANH LE, in her official capacity as a member of the Georgia State Election Board, <br><br>        Defendants, <br><br>and <br><br>DEMOCRATIC PARTY OF GEORGIA, INC. and DSCC, <br><br>        Intervenor-Defendants. | CIVIL ACTION FILE NO. <br><br>1:20-cv-05155-TCB |

**INTERVENOR-DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND
INSPECTION OF ELECTRONIC ELECTION/VOTING EQUIPMENT
AND FOR PRODUCTION OF ORIGINAL BALLOTS AND OTHER
DOCUMENTS**

## I.   INTRODUCTION

In conjunction with his late-filed Complaint and Emergency Motion for Injunctive Relief, L. Lin Wood, Jr. filed an "emergency" motion seeking to preserve evidence and inspect election documents and equipment ("Motion"). Wood's Motion seeks unfettered access to secure voting equipment, confidential voter records and signatures, and all ballots cast in the January 5, 2021 U.S. Senate run-off election for the extraordinary purpose of conducting a forensic audit of the election. But Wood's extraordinary request—which comes after multiple courts, including this one, have found that Wood or others lack standing on identical claims—is neither an emergency nor a proper invocation of this Court's power. Simply put, Wood cannot seek discovery here because this Court does not have jurisdiction to order or enforce that or any other relief.  Moreover, the documents and voting equipment that he seeks to preserve will *already* be preserved pursuant to state law, and he points to no law at all permitting discovery or inspection of the same. Wood's request represents substantial overreach in a case where multiple courts have found that he and others like him have no legal basis to support discovery. Wood's Motion should be promptly denied.[1]

---

[1] Intervenor-Defendants note that Wood filed a nearly-identical motion in Wood's first post-election case in this court. *See Wood I*, No. 1:20-CV-04651-SDG,

## II.   BACKGROUND

As set out exhaustively in Intervenor-Defendants' Motion to Intervene, ECF No. 13, Motion to Dismiss, ECF No. 16, and Opposition to Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 24, this case marks the third case brought by L. Lin Wood, Jr. in the last two months as either a plaintiff or attorney (and here, both), challenging Georgia's election procedures. It also one of many challenges that have been brought against Georgia's signature matching process, absentee ballot processing rules, and drop box rules in relation to the January 5, 2020 U.S. Senate run-off election. All of these challenges have been swiftly and uniformly denied or dismissed for, among other things, lack of jurisdiction.

*First*, on November 13, 2020, Wood sued the same Defendants named in this case, raising the same belated challenges to Georgia's signature matching process that he asserts here. *Wood v. Raffensperger*, No. 1:20-CV-04651-SDG, 2020 WL 6817513, at *3 (N.D. Ga. Nov. 20, 2020) ("*Wood I*"), *aff'd*, No. 20-14418, 2020 WL 7094866 (11th Cir. Dec. 5, 2020) ("*Wood II*"), *petition for cert. filed*, No. 20-799

---

ECF No. 53. That motion, similarly, was filed *after* the court found that Wood did not have standing and, in any event, before the discovery period could even open. Additionally, Wood filed his motion *after* he had already impermissibly issued third-party discovery demands. *See id.* at ECF No. 56. Accordingly, given Wood's past abuse of court processes, Intervenor-Defendants request that any denial of this Motion be accompanied by a specific statement informing Wood that he cannot use this case as a vehicle for similarly inappropriate discovery requests.

(U.S. Dec. 8, 2020). Judge Grimberg denied Wood's motion for injunctive relief, finding Wood lacked standing. *See id.* at *4–5. He also held that Wood had not shown a substantial likelihood of success on the merits on any of his flawed legal arguments, his case was barred by laches, and the equities weighed heavily against Wood's late-filed request. *See id.* at *8–10. The Eleventh Circuit affirmed. *See Wood II*, 2020 WL 7094866.

*Second*, on November 25, 2020, Wood (again, and this time as counsel of record) brought a lawsuit against the named Defendants here and Georgia Governor Brian Kemp on behalf of seven individual plaintiffs. *See Pearson v. Kemp*, No. 1:20-cv-04809-TCB (N.D. Ga. Nov. 25, 2020), ECF No. 1. The plaintiffs alleged a sprawling global conspiracy based on much of the same "evidence" and theories that Wood now attaches to his motion for emergency injunctive relief. This Court dismissed the case for lack of standing, jurisdiction, and delay. *See* Tr. of Motions Hearing at 42:9–17, *Pearson*, No. 1:20-CV-04809-TCB (attached as Ex. A to Intervenor-Defendants' motion to dismiss), ECF No. No. 13-4. The Court was not alone in its holding, as identical lawsuits brought by Wood around the country based on similarly unsubstantiated evidence and flawed legal theories have been uniformly rejected. *See King v. Whitmer*, No. CV 20-13134, 2020 WL 7134198 (E.D. Mich. Dec. 7, 2020); *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 2020 WL 7238261

- 3 -

(D. Ariz. Dec. 9, 2020); *Feehan v. Wisconsin Elections Comm'n*, No. 20-CV-1771-PP, 2020 WL 7250219 (E.D. Wis. Dec. 9, 2020).

Finally, just last week, three Georgia federal district courts dismissed lawsuits seeking to enjoin Georgia's election procedures during the January 5, 2021 runoff election. *See Twelfth Congressional Dist. Republican Comm. v. Raffensperger* ("*GRP I*"), No. 1:20-cv-00180-JRH-BKE (S.D. Ga. Dec. 17, 2020), ECF No. 47; *Ga. Republican Party v. Raffensperger*, No. 1:20-cv-05018-ELR (N.D. Ga. Dec. 17, 2020), ECF No. 46, *stay denied*, *Ga. Republican Party v. Raffensperger*, No. 20-14741-RR (11th Cir. Dec. 20, 2020); *Ga. Republican Party v. Raffensperger* ("*GRP II*"), No. 2:20-cv-00135-LGW-BWC (S.D. Ga. Dec. 18, 2020), ECF No. 31. Those lawsuits challenged the same procedures that Wood now asks this Court to enjoin. *See Twelfth Congressional Dist. Republican Comm.*, No. 1:20-cv-00180-JRH-BKE, ECF No. 1 (challenging drop boxes, absentee ballot processing, and signature match); *GRP I*, No. 1:20-cv-05018-ELR, ECF No. 1 (challenging signature verification). Both courts held that the plaintiffs lacked standing to bring their claims, a holding which the Eleventh Circuit swiftly affirmed in *GRP I*.[2]

---

[2] Just today, Judge Adams of the Superior Court of Fulton County also dismissed a suit brought by the Republican National Committee and Georgia Republican Party challenging the Drop Box Rule. *Republican Nat'l Comm., et al. v. Raffensperger, at al.*, No. 2020CV343319 (Ga. Sup. Ct. 2020).

Notwithstanding the express determinations by every court to hear these claims, including determinations made directly against Wood by the Eleventh Circuit, that they lack jurisdiction over these cases, Wood nonetheless filed the instant Motion, seeking a court order requiring Defendants to preserve "all original absentee ballots . . . including the original envelope containing the voters' signature and postmark, along with any images including images recorded or generated by the Ballot Marking Devices," and "in-person voter's original paper ballots as well as the scanned or computer images of said ballots." Mot. ¶¶ 2–3. Wood's Motion also seeks the preservation of electronic voting equipment and related documentation in several third-party counties. *Id.* ¶ 4. He further requests that the Court allow "an expert forensic reviewer [to] inspect" the signatures on all absentee ballot envelopes. *Id.* ¶ 2. But none of this relief is proper, sanctioned by the rules, or appropriate here.

## III.    ARGUMENT

Wood is not entitled to, and this Court cannot order, preservation or forensic inspection of the requested documents or voting equipment discussed in his Motion.

### A.    This Court lacks jurisdiction to proceed.

It is well-settled that, where a court lacks jurisdiction, it cannot issue discovery orders and plaintiffs cannot issue subpoenas or seek discovery pursuant to the court's subpoena powers. *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487

- 5 -

U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction. . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void."); *see also* § 3531 In General, 13A Fed. Prac. & Proc. Juris. § 3531 (3d ed.) (same).

Just a few weeks ago, Judge Grimberg expressly found that Wood in a nearly identical case "lacks standing to pursue [any of his] claims in the first instance." *Wood I*, 2020 WL 6817513, at *6. This finding was squarely affirmed by the Eleventh Circuit, *Wood II*, 2020 WL 7094866, and several Courts, including this one, have agreed, *see Pearson*, No. 1:20-cv-04809-TCB, ECF No. 74; *Twelfth Congressional Dist. Republican Comm.*, No. 1:20-cv-00180-JRH-BKE, ECF No. 47; *GRP I*, No. 1:20-cv-05018-ELR, ECF No. 46. And, as Intervenor-Defendants' Motion to Dismiss and Opposition to Plaintiff's Emergency Motion for Injunctive Relief explain, ECF Nos. 16, 24, the same is true here.

It is axiomatic that Wood's lack of standing deprives this Court of Article III jurisdiction. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (explaining that "'[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies'" which cannot exist

where a plaintiff lacks standing) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Accordingly, this Court lacks the power to issue discovery orders that go to the

merits of this litigation. *U.S. Catholic Conf.*, 487 U.S. at 76. As a result, the Court

cannot order the relief Wood seeks in his Motion. *Id.* This Court must deny Wood's

Motion in full.

**B.      There is no legal basis for Wood's demands.**

Even if this Court had jurisdiction, there is no legal basis for the Court to order

the relief Wood seeks here.

*First*, as Wood's Motion recognizes, Georgia election law already requires

preservation of the election-related materials that he seeks for at least two years.

Mot. ¶ 9 (citing O.C.G.A. §§ 21-2-379.26, 21-2-437(d)); *see also* O.C.G.A. § 21-2-

500(a) ("[T]he superintendent shall deliver copies of the voting machine ballot

labels, computer chips containing ballot tabulation programs, copies of computer

records of ballot design, and similar items or an electronic record of the program by

which votes are to be recorded or tabulated" and "the clerk shall hold such ballots

and other documents under seal . . . for at least 24 months"); O.C.G.A. § 21-2-500(c).

Thus, there is no emergency here and no reason for this Court to order preservation

as state law already requires it. Indeed, "obey the law" orders—especially those

issued by a federal court to a state or county entity—are disfavored and improper.

- 7 -

*See N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435–36 (1941) (explaining that an obey-the-law order is unnecessary and improper when the law itself carries with it its own penalties for disobedience with the law's terms); *S.E.C. v. Sky Way Glob.*, *LLC*, 710 F. Supp. 2d 1274, 1292–93 (M.D. Fla. 2010) (same); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 109 (1984) (explaining that federal courts lack the mandate or authority to issue an order merely enforcing state law).

*Second*, the *only* federal "law" Wood cites in support of his Motion is Federal Rule of Civil Procedure 34, which permits the "requesting party or its representative to inspect, copy, test, or sample [certain] items *in the responding party's possession, custody, or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added). But the information Wood seeks is almost exclusively maintained by third-party counties, none of which are parties to this case. *See* Motion ¶ 4; *see also supra* at 7 (explaining that Georgia law requires the *counties'* duties to preserve the relevant documents). Thus, Rule 34 does not advance Wood's request and cannot form the basis of a discovery request directed toward third parties.

*Third*, even the state law that Wood points to (which has no precedential effect on this Court anyway) is unavailing. Specifically, Wood cites to *Martin v. Fulton County Board of Registration & Elections*, 835 S.E.2d 245 (2019), to support his request for a preservation order. *See* Mot. ¶ 8. But *Martin* actually undermines his

claim as it affirms a state trial court's order *limiting* the discovery to which plaintiffs were entitled in an election contest. *See Martin*, 835 S.E.2d at 263–64. Accordingly, even if *Martin* were applicable to Wood's federal claims, the case only underscores why his demanded discovery is overbroad and inappropriate, rather than affording him any basis for relief.[3]

## IV.   CONCLUSION

Intervenor-Defendants respectfully request that this Court promptly deny Wood's Motion.

**[signature block on following pages]**

---

[3] Wood also cites *Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 180 (Ga. 2001), but that case is inapposite, evaluating the First Amendment privilege, whether Georgia's general statute governing civil discovery requires media outlets to reveal confidential sources, and the public/private figure determination in a defamation case. But Georgia's civil discovery rules, the First Amendment privilege, and the defamation standards are plainly not applicable here. Plaintiff also confusingly cites *Cooper Tire & Rubber Co. v. Koch*, 812 S.E.2d 256 (Ga. 2018), but this state court decision pertains to litigation holds and spoliation issues not at issue here.

Dated: December 24, 2020.                    Respectfully submitted,

**<u>Adam M. Sparks</u>**
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Susan P. Coppedge
Georgia Bar No. 187251
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
Henry J. Brewster*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
hbrewster@perkinscoie.com

Heath Hyatt**
Steven Beale**
PERKINS COIE LLP
1201 Third Avenue, Suite 4900

- 10 -

Seattle, Washington 98101
Telephone: (206) 359-8000
hhyatt@perkinscoie.com
sbeale@perkinscoie.com

Jessica R. Frenkel**
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
jfrenkel@perkinscoie.com


*Counsel for Intervenor-Defendants*

*\*Pro Hac Vice Application Pending*
*\*\*Pro Hac Vice Application Forthcoming*

- 11 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

L. LIN WOOD, JR., individually,

   Plaintiff,

v.

BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the Georgia State Election Board; DAVID J. WORLEY, in his official capacity as a member of the Georgia State Election Board, MATTHEW MASHBURN, in his official capacity as a member of the Georgia State Election Board, and ANH LE, in her official capacity as a member of the Georgia State Election Board,

   Defendants,

and

DEMOCRATIC PARTY OF GEORGIA, INC. and DSCC,

   Intervenor-Defendants.

CIVIL ACTION FILE NO.

1:20-cv-05155-TCB

## CERTIFICATE OF COMPLIANCE

- 12 -

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: December 24, 2020.                    **Adam M. Sparks**
                                             *Counsel for Intervenor-Defendants*
                                             *Democratic Party of Georgia, Inc.*
                                             *and DSCC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

L. LIN WOOD, JR., individually,

        Plaintiff,

v.

BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the Georgia State Election Board; DAVID J. WORLEY, in his official capacity as a member of the Georgia State Election Board, MATTHEW MASHBURN, in his official capacity as a member of the Georgia State Election Board, and ANH LE, in her official capacity as a member of the Georgia State Election Board,

        Defendants,

and

DEMOCRATIC PARTY OF GEORGIA, INC. and DSCC,

        Intervenor-Defendants.

CIVIL ACTION FILE NO.

1:20-cv-05155-TCB

## **CERTIFICATE OF SERVICE**

- 14 -

I hereby certify that on December 24, 2020, I caused a copy of the foregoing documents to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

Dated: December 24, 2020.

**Adam M. Sparks**
*Counsel for Intervenor-Defendants Democratic Party of Georgia, Inc. and DSCC*

- 15 -