UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| L. LIN WOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 1:20-cv-5155-TCB |
| | ) | |
| BRAD RAFFENSPERGER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
IN OPPOSITION TO EMERGENCY MOTION
<u>FOR PRESERVATION AND INSPECTION OF EVIDENCE</u>**

Pursuant to the Federal Rules of Civil Procedure, including, without limitation Rule 26(d), Rule 34, and Local Rule 7.1, 7.2 (B) and 26.2(B), and in accordance with this Court's Order of December 21, 2020 [DE 12], the Plaintiff hereby submits his reply to Defendants' Response in Opposition to Plaintiff's Motion for Preservation and Inspection of Evidence [DE 30; 31]. Consistent with the facts and arguments set forth in Plaintiff's Emergency Motion for Preservation of Evidence, Plaintiff reiterates and responds as follows:

**A.    The Federal and Local Rules provide a basis for Plaintiff's time sensitive
       discovery.**

State Defendants argue that Plaintiff Wood's discovery requests are premature, and relying on Local Rule 26.2(A), suggest that the discovery period in

this case cannot commence until at least thirty days after the appearance of the first defendant.   As noted in Plaintiff's pleadings filed concomitantly herewith, the Defendants are raising any and every conceivable excuse in an effort to delay discovery and obfuscate material evidence of fraud and illegality in their continued and coordinated efforts to "run out the clock" on Plaintiff, who merely seeks to ascertain truth and justice concerning the allocation of his vote prior to the January 5, 2021 Senatorial Runoff Election. In so doing, the Defendants have overlooked this Court's authority under Local Rule 26.2(B), which provides this Court the broad discretion to "shorten or lengthen the time of discovery." LR 26.2(B). The Federal Rules are also in accord, as an order for expedited discovery, *i.e.*, before completion of Rule 26(a)(1) initial disclosures or the Rule 26(f) discovery plan conference, may be obtained under Rule 26(d) when a party reasonably suspects that the opposing party may destroy relevant electronically stored information in the course of normal business operations [*see* Fed R Civ P 26(d), 37(b)].

Since the State Defendants have persistently failed to follow the law, as evidenced by their implementing unconstitutional election procedures, in contravention and without consent from the General Assembly, Plaintiff has a well-founded belief that the State Defendants may not follow the preservation procedures mandated by State law.

Additionally, Plaintiff's need for preservation and access to the above evidence outweighs any countervailing interest because the reliability of the upcoming federal runoff election and citizen confidence in the correctness of the results are at stake. *See, e.g., Martin v. Fulton Cty., Bd. of Registration & Elections,* 835 S.E.2d 245 (Ga. 2019); *Atlanta Journal-Constitution v. Jewell,* 555 S.E.2d 175 (Ga. 2001). Moreover, the discovery requested is wholly relevant to the claims at issue and will not impose any undue burden on the Defendants or the non-parties – the Plaintiff is simply requesting that this Court afford him an opportunity to obtain limited discovery at Plaintiff's own expense, and without any burden or expense to the Defendants or this Court. Contrary to the Defendants' contention, Plaintiff is not asking for "unfettered access," but rather seeks access under an appropriate Confidentiality Order as would be necessary. The impending urgency of the upcoming runoff election necessitates this Court's intervention for an Order of preservation and limited discovery. Plaintiff Wood has reasonably tailored his request and would simply ask that the Court allow forensic experts three days to conduct an independent examination of the machines and ballots in three select counties as set forth in Plaintiff's initial motion.

**B.    Relevant election data must be preserved.**

State Defendants and Intervenors seemingly agree that preservation of the electronic voting equipment and the related election records is mandated under

existing state law, but nevertheless disingenuously suggest that the voting equipment, machines and records owned by the State, but in the care and custody of non-parties is beyond their possession and control. *See* O.C.G.A. §§ 21-2-379.26, 21-2-437(d); Rule 183-1-12-.05, *Rules of State Election Board; see also Cooper Tire & Rubber Co. v. Koch,* 812 S.E.2d 256 (Ga. 2018). This could not be further from the truth, since the State Defendants purchased and own the electronic voting equipment which they in turn distributed to each county in their State. These non-party counties are state actors and agents of the State Defendants and are therefore, under the same duty and obligation as the party Defendants.

Moreover, the Defendants cannot provide a rational basis to preclude this Court from entering an appropriate order ratifying their obligation to preserve such evidence. Indeed, Plaintiff's request is consistent with state law, the Federal Rules of Civil Procedure, the Local Rules of this Court, and will not harm the Defendants or cause them any undue burden or expense. Accordingly, because preservation is mandated under state law, Defendants should have no lawful opposition to the Court entering an Order ratifying its preservation.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Wood moves this Court to grant the Plaintiff's Emergency Motion for Preservation of Evidence and Inspection of

Electronic/Voting Equipment and for Production of Original Ballots and Other Documents.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in the Local Rules.

Respectfully submitted, this 27th day of December 2020.

*/s/ L. Lin Wood, Jr.*
**L. LIN WOOD, JR.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been electronically filed with this Court via CM/ECF and was furnished to all counsel on the attached service list by e-mail on December 27, 2020:

**/s/ L. Lin Wood, Jr.**
L. Lin Wood, Jr., Esq.
GA Bar No. 774588
L. LIN WOOD, P.C.
P.O. BOX 52584
Atlanta, GA 30355-0584
(404) 891-1402
lwood@linwoodlaw.com

## <u>SERVICE LIST</u>

Carey Miller
Josh Belinfante
Melanie Johnson
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Tel.: (678) 701-9381
Fax:  (404) 856-3250
cmiller@robbinsfirm.com
jbelinfante@robbinsfirm.com
mjohnson@robbinsfirm.com

*Counsel for State Defendants*


Adam M. Sparks
Halsey G. Knapp, Jr.
Joyce Gist Lewis
Susan P. Coppedge
Adam M. Sparks
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
Henry J. Brewster*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005

Telephone: (202) 654-6200
melias@perkinscoie.com
acallais@perkinscoie.com
hbrewster@perkinscoie.com

Health L. Hyatt*
Steven Beale*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
 hhyatt@perkinscoie.com
 sbeale@perkinscoie.com

Jessica R. Frenkel*
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
jfrenkel@perkinscoie.com


*Pro Hac Vice Application Pending

Counsel for Intervenor-Defendants